```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re:
        Robert R. Conti
                                                        BK 13-12065 CLB

                    Debtor                    DECISION & ORDER
------------------------------------------------------
Daniel E. Brick, Chapter 7 Trustee in the Chapter 7 Case
of Robert R. Conti

                    Plaintiff
                                                        AP 15-01029 CLB
        v.

Robert R. Conti, Individually and as Trustee
under the Susan L. Conti Living Trust, et al.


                    Defendant
------------------------------------------------------
```

        Janet G. Burhyte, Esq.
        Gross, Shuman, Brizdle & Gilfillan, P.C.
        465 Main Street, Suite 600
        Buffalo, New York 14203
        Special Counsel to Trustee

        John D'Amato, Esq.
        John D'Amato, PLLC.
        4245 Union Road, Suite 208
        Cheektowaga, NY 14225
        Attorney for Defendants

Bucki, U.S.B.J.

     The remaining defendants in this adversary proceeding have moved to dismiss two causes of action that seek to avoid allegedly fraudulent conveyances. Central issues include whether the applicable statute of limitations precludes recovery, and whether a fraudulent conveyance can arise from payment of expenses for the benefit of oneself and one's dependants.

Robert R. Conti is a physician who has lived for more than fourteen years with his wife Susan and their children in a house at 74 Earldom Way in the Town of Amherst, New York. Prior to June 17, 2003, Dr. and Mrs. Conti owned this property as tenants by the entirety, subject to an outstanding first mortgage. Then on that date, they conveyed title to the Susan L. Conti Living Trust, an entity for which Robert and Susan Conti serve as trustees. The warranty deed that effected this transfer contains a recitation that the conveyance was "made pursuant to the estate plan of the grantors," and was "not made in defraud of creditors nor does it render the grantors insolvent." This instrument was then duly recorded on June 23, 2003. Currently, the property is encumbered by the original first mortgage and by a home equity mortgage dated August 5, 2003. Robert Conti is personally liable on both of the obligations that these mortgages secure.

On September 23, 2010, and again on August 2, 2011, Robert R. Conti agreed personally to guarantee a loan that First Niagara Bank, N.A., had extended to Transit Imaging and MRI Associates, P.C. Upon a default in the payment of that obligation, First Niagara commenced an action in state court against both the primary obligor and Dr. Conti as guarantor. On July 19, 2013, the state court granted to First Niagara Bank a judgment against Robert Conti in the principal amount of $2,649,991.02, together with interest, late fees and costs. Dr. Conti then filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 1, 2013. On that same date, the Office of the United States Trustee appointed Daniel E. Brick to serve as trustee for this case.

On May 18, 2015, the Chapter 7 trustee commenced the present adversary proceeding which asserted seven causes of action for the recovery of fraudulent conveyances. Five of the causes of action have previously been settled. While focusing on these partial resolutions, the trustee stipulated to extensions of time to answer or to respond to the second and third causes of action. These two remaining claims are now the subject of a motion to dismiss.

The defendants in the second cause of action are The Susan L. Conti Living Trust, together with Robert and Susan Conti, individually and as trustees of that trust. The Chapter 7 trustee alleges that Robert and Susan Conti transferred the property on Earldom Way to the Susan L. Conti Living Trust "with actual intent to hinder, delay and defraud future creditors." Pursuant to the provisions of 11 U.S.C. § 544 and New York Debtor and Creditor Law § 276, the Bankruptcy Trustee now seeks to reverse the transfer of the debtor's one half interest in the real estate. He further requests that the court disallow any homestead exemption that the debtor might wish to assert against property that the trustee recovers.

Susan L Conti and The Susan L. Conti Living Trust are named as defendants in the third cause of action. The Chapter 7 trustee alleges that Robert R. Conti paid all of the expenses associated with the property at 74 Earldom Way, and that he received less than adequate consideration for at least one-half of these payments. Mr. Brick further asserts that the debtor either paid these expenses at a time when he was insolvent or became insolvent as a consequence of making these payments. Pursuant to 11 U.S.C. § 544 and New York Debtor and Creditor Law § 273, the Bankruptcy Trustee seeks judgment for one-half of all costs and expenses paid by

Dr. Conti during the six years prior to the date of bankruptcy filing. Alternatively, pursuant to 11 U.S.C. § 548, the bankruptcy trustee seeks judgment for one-half of all costs and expenses that Dr. Conti paid during the two years prior to commencement of his bankruptcy proceeding.

In lieu of an answer, the defendants have moved to dismiss the second and third causes of action under Bankruptcy Rule 7012(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. As in any motion to dismiss, we accept the facts as alleged by the plantiff. Nonetheless, for the reasons stated hereafter, the defendants' motion is granted.

Discussion

Section 544(b)(1) of the Bankruptcy Code allows a trustee to avoid any transfer that an unsecured creditor could avoid under state law. *See In re Brosnahan*, 324 B.R. 199, 202 (Bankr. W.D.N.Y. 2005). In New York, the Uniform Fraudulent Conveyance Act is generally incorporated into Article 10 of the state's Debtor and Creditor Law. Pursuant to Debtor and Creditor Law § 278, a creditor (and therefore a bankruptcy trustee) may avoid conveyances that are defined as fraudulent under any of six other sections of the statute. In his second cause of action, the Chapter 7 trustee asserts that the conveyance of real property into The Susan L. Conti Living Trust is fraudulent under Debtor and Creditor Law §276. In relevant part, section 276 provides that "[e]very conveyance made . . . with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." With regard to this second count, the defendants seek dismissal on two

principal grounds:  that the cause of action is barred under the applicable statute of limitations, and that the complaint fails to state a claim of an intentional fraudulent transfer.

The second cause of action asserts a claim that originates under New York law.  Consequently, the temporal limitations of state law will apply.  For this, we look to sections 213 and 203 of the New York Civil Practice Law and Rules.  Section 213 provides that an action based upon fraud must be commenced within six years, subject to the caveat that "the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it."  N.Y. C.P.L.R. § 213 (8) (McKinney Supp. 2016).  When this caveat applies, "the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer."  N.Y. C.P.L.R. § 203 (g) (McKinney 2003).

The trustee commenced his action on May 18, 2015.  Robert and Susan Conti argue that the second cause of action is time barred, in as mush as the trustee filed his complaint more than six years after the conveyance of the homestead on June 17, 2003.  The trustee responds that a diligent creditor would not have discovered the fraudulent conveyance until at least the filing of the debtor's bankruptcy petition on August 1, 2013.  Hence, he contends that his complaint was timely filed within two years of that date of discovery.

Robert and Susan Conti conveyed their homestead to themselves as trustees under the Susan L. Conti Living Trust by deed that was duly recorded on June 23, 2003. New York law has long recognized that recording gives constructive notice of the debtor's transfer of an interest in his homestead. For example, in *Jackson ex dem Merrick v. Post*, 15 Wend. 588, 594 (1836), the Supreme Court of Judicature held that "[t]he object of recording is to give notice to all the world that the title has passed from the vendor to the vendee." Consequently, for purposes of tolling a statute of limitations, the due and proper recording of a deed provides notice to all affected parties. Thus, in an action to recover an allegedly fraudulent transfer of real property, "the recording of the deed by defendant constituted notice to the plaintiff of the status of the title of the property." *Kowal v. Jacek*, 11 Misc.2d 1065, 1068 (Sup. Ct. 1958). Again, in *Picard v. Fish*, 139 A.D.3d 1331, 1333 (3rd Dept. 2016), the Appellate Division of the New York Supreme Court held that the effect of "recording was to give plaintiffs and anyone else with an interest in the subject property constructive notice of that transfer." Accordingly, in both cases, the plaintiff could not assert a lack of knowledge as the basis for an extension of the applicable time limit for commencement of the action.

The trustee directs our attention to various New York cases where the statute of limitations was extended for two years from the discovery of a fraudulent conveyance. For purposes of the present discussion, the most relevant of these decisions is *Citicorp Trust Bank v. Makkas*, 67 A.D.3d 950 (2nd Dept. 2009), wherein the court held that "[t]he failure to ascertain that an allegedly fraudulent conveyance has occurred through the inspection of public records is not a basis for imputing knowledge of the fraud in the absence of circumstances that would require

the plaintiff to investigate." In that case, however, the underlying obligation was already extant when the debtor conveyed title. Looking only to enforce a pre-existing contractual right, the plaintiff had insufficient reason to investigate the possibility of asset transfers. By way of contrast, in the exercise of reasonable diligence, any lender of new credit would have motivation to check the public record for the prior conveyance of any real property on which it might rely as a source for payment.

In the present instance, Dr. Conti incurred all of his outstanding unsecured debts more than six years after his conveyance of an interest in his homestead. To the extent that they wished to rely upon the debtor's ownership of real property, creditors had reason to confirm the status of title. In particular, First Niagara Bank, N.A., obtained the debtor's personal guarantee in September 2010, long after the transfer of property in 2003. Under these circumstances, the public record must bind the creditors on whose behalf the trustee has asserted a claim. Pursuant to New York C.P.L.R §§ 203(g) and 213(8), the limitations period may be extended for two years after a creditor could with reasonable diligence have discovered the fraud. Here, because the deed was duly recorded, reasonable diligence should have discovered the transfer at or before any extension of credit. Arguably, this opportunity for discovery would belie the characterization of actual fraud. At a minimum, it establishes the time of reasonable discovery as the occasion of the debtor's initial execution of a personal guarantee on a date more than two years prior to the bankruptcy filing. Accordingly, the second cause of action to avoid the transfer of property in 2003 is barred under the applicable statute of limitations.

The court is additionally compelled to dismiss the second cause of action by reason it its failure to state a claim of intentional fraud.  Pursuant to Bankruptcy Rule 7009, adversary proceedings must satisfy the special pleading requirements in Rule 9 of the Federal Rules of Civil Procedure.  With regard to allegations of fraud, Fed. R. Civ. P. 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Even with regard to scienter, however,  the complaint must still indicate a basis of an intent to commit fraud. The Court of Appeals stated the applicable standard of pleading:

> "[S]ince Rule 9(b) is intended 'to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit,' the relation of Rule 9(b)'s specificity requirement for scienter 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.'  Therefore, to serve the  purposes of Rule 9(b), we require plaintiffs to allege facts that give rise to a strong inference of fraudulent intent."

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2nd Cir. 1994)(citations deleted).  An inference is defined as a "conclusion reached by considering other facts and deducing a logical consequence from them."  BLACK'S LAW DICTIONARY 897 (10th ed. 2014).  This court previously examined the requirements for inference in *Deere & Company v. Contella (In re Contella)*, 166 B.R. 26, 29 (Bankr. W.D.N.Y. 1994):

> "For an inference to arise, there must exist some basis to conclude that the occurrence of fact 'A' indicates and supports the occurrence of fact 'B'. That basis necessarily derives from rules of probability.  Based on the realm of human experience, does the presence of a particular fact make a second fact more probable than not."

The trustee argues that the debtor's fraudulent intent is indicated by the presence of various "badges of fraud."[1] Although useful for an analysis of intent, no set of such badges is controlling. A learned treatise has observed that "[w]hatever badges of fraud a court uses, no particular badge is necessary, nor is any combination sufficient. The matter is always factual – the presence of badges of fraud permits but does not compel a finding of actual intent." 5 COLLIER ON BANK-RUPTCY ¶548.04[1][b][ii] (ALAN N. RESNICK & HENRY J. SOMMER, eds.-in-chief, 16th ed., 2011). Rather, the issue is whether the totality of alleged facts allows an inference of actual fraud. Here, the complaint makes no claim that the debtor was insolvent or became insolvent at the time of transfer. In his response to the motion to dismiss, the trustee concedes that Conti's financial problems arose from events more than seven years later, when he guaranteed a corporate debt. The debtor's transfer of property was a matter of public record. The trustee asks that we infer intent from "badges of fraud" that essentially involve the beneficial ownership and use of a residence by the debtor's family. If the debtor had any identifiable or anticipated creditors at the time of the property's transfer, then these badges might suggest a motive or intent. Instead, we have only a publicly discernable transaction that had no impact on any existing obligation or even on any indebtedness that was remotely in prospect. Under these circumstances, the complaint presents a set of facts that fails to satisfy the requirement of *Shields v. Citytrust Bancorp., Inc.*, for a

---

[1] Paragraph 58 of the complaint alleges that the transfer "demonstrates many of the classic badges of fraud, including, but not limited to 1) a close relationship between the parties; 2) inadequate consideration; 3) retention of full use and possession of the Getzville property by the Debtor although title exists in the SLC Trust; 4) the existence of a trust between the Debtor and the person to whom the Getzville Property is conveyed; 5) the warranty deed effectuating the Getzville Property Transfer suspiciously states that the transfer is specifically NOT in defraud of creditors; and 6) payment by Debtor of expenses of ownership and maintenance of Getzville Property as though it were still owned in whole or part by him."

"strong inference of fraudulent intent." Accordingly, we must find that the complaint fails to state a cause of action.

The third cause of action seeks judgment against Susan L. Conti and the Susan L. Conti Living Trust for one-half of the costs and expenses that the debtor paid to maintain the residence where he and his family reside. The trustee brings this action alternatively pursuant to 11 U.S.C. § 548 to recover payments made during the two years prior to bankruptcy filing, or pursuant to New York Debtor and Creditor Law § 273 to recover payments made during the six years prior to bankruptcy filing. Section 548 of the Bankruptcy Code allows a trustee to avoid both transfers made with an actual intent to hinder, delay or defraud, and transfers that are constructively fraudulent. Because it asserts no allegation regarding the debtor's actual intent on the occasion of his payment of any cost or expense, the third cause of action necessarily relies upon a theory of constructive fraud, as described in 11 U.S.C. § 548(a)(1)(B). Under this provision, one element of the cause of action is the receipt of "less than a reasonably equivalent value in exchange for such transfer." 11 U.S.C. § 548(a)(1)(B)(i). Section 544 of the Bankruptcy Code also allows a trustee to avoid conveyances that are constructively fraudulent under Debtor and Creditor Law § 273. Like section 548(a)(1) of the Bankruptcy Code, Debtor and Creditor Law § 273 applies only to conveyances that are made "without a fair consideration." Under both statutes, therefore, the absence of fair consideration is a necessary element of the cause of action.

The trustee's third cause of action fails to state a claim, in that the allegations cannot support the necessary element of inadequate consideration. The property

on Earldom Way is a residential house that is occupied exclusively by the debtor, his wife and their dependent children.  As consideration for payment of expenses related to that home, Dr. Conti received the benefit of his own use and the satisfaction of a legal and ethical obligation to care for his family.  Additionally, Dr. Conti had personally signed the notes that were secured by the mortgages on that real property.  Payments on account of those notes therefore represented a partial satisfaction of personal liability.  As we observed in *Wallach v. Buchheit (In re Northstar Development Corp.)*, 465 B.R. 6, 12 (Bankr. W.D.N.Y. 2012), fraudulent conveyances "stand apart from the preference law, and serve not as an extension of the preference timetable."  Satisfaction of any note obligation constitutes an equivalent consideration for any payment, and negates the trustee's assertion of inadequate consideration.

## Conclusion

For the reasons stated herein, the second and third causes of action in the complaint herein fail to state a cause of action.  Accordingly, the motion to dismiss these causes of action is granted.  Because the trustee cannot avoid the transfer of the real estate, we need not address his further request to deny any claim of exemption with regard to recovered property.

So ordered.

|  |  |
|---|---|
| Dated: August 16, 2017<br>Buffalo, New York | /s/ Carl L. Bucki<br>_____<br>Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y. |